IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HUBERT GRAVES, III,

    Plaintiff,

vs.                                             Case No. 4:13cv396-RH/CAS

JUDGE GREG PARKER,

    Defendants.

                                /

## REPORT AND RECOMMENDATION

Plaintiff is a state prisoner who is proceeding pro se in this case. Plaintiff initiated this action, improperly, by submitting a document titled as a "notice of intent of tort action," doc. 1. It was erroneously used to open this case rather than first requiring Plaintiff to submit a proper complaint. Nonetheless, an Order was entered on July 16, 2013, explaining to Plaintiff that he had not paid the filing fee nor had he submitted an in forma pauperis motion. Doc. 3. That Order advised that if Plaintiff was *not* entitled to in forma pauperis status and could pay the filing fee, Plaintiff was required to submit $400.00 by July 8, 2013. *Id.* However, if Plaintiff demonstrated that he qualified for in forma pauperis status, a $50 administrative fee would be waived and the filing fee would be reduced to $350.00. *Id.*

Plaintiff then submitted an in forma pauperis motion, doc. 5, an amended complaint, doc. 6, and an affidavit, doc. 7. Plaintiff's motion was granted, he was directed to submit $126.33 as a partial filing fee, and the Clerk was directed to provide the Order to the Department of Corrections. Doc. 8. Subsequently, Plaintiff submitted $350.00 as the filing fee. Doc. 9. Because Plaintiff was granted in forma pauperis status, he was entitled to make partial payments to fulfill a $350.00 filing fee assessment. Had Plaintiff initially paid that fee and not submitted an in forma pauperis motion, Plaintiff would have been required to pay $400.00 as the filing fee.

Notwithstanding that procedural problem, Plaintiff's complaint is against Judge Greg Parker. Doc. 6. Plaintiff contends that he is wrongfully held without legal authority on an order entered by Defendant Parker of the Third Judicial Circuit of Florida which, presumably, denied Plaintiff's petition for writ of habeas corpus.[1] Plaintiff contends that Defendant Parker refused to uphold his oath and duty under the Constitution and was "negligent in his duty and obligation by not supporting, protecting, and defending the Constitution of the United States of America." *Id.* at 5-7. As relief, Plaintiff seeks monetary damages and to have Defendant Parker's order reversed. *Id.* at 7.

To the degree Plaintiff asserts Judge Parker is negligent, that claim is insufficient on its face. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L.

---

[1] Judicial notice is taken that the Florida Department of Corrections' website indicates Plaintiff is serving a 15 year prison sentence from Orange County, Florida. Thus, it does not appear that Defendant Parker ordered Plaintiff's commitment.

Case No. 4:13cv396-RH/CAS

Ed. 2d 662 (1986). Plaintiff's negligence claim fails as a matter of law and should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff presents no facts to support his claim that Judge Parker was without authority to render an order in a case in the Third Judicial Circuit and provides no facts which allege a violation of the Constitution. *Id.* at 5. Conclusory claims that one failed to uphold his duty and harmed the Plaintiff are insufficient to state a claim.

Judicial notice is taken that Gregory S. Parker has been a Circuit Judge since January 2009 and has been Chief Judge of the Third Judicial Circuit since July 2013. That circuit includes Taylor County, which is the county in which Plaintiff claimed his proceeding occurred. A judge is entitled to absolute immunity for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); <u>Harris v. Deveaux</u>, 780 F.2d 911, 914 (11th Cir. 1986). The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial. <u>Henzel v. Gerstein</u>, 608 F.2d 654, 658 (5th Cir. 1980). Plaintiff's claim challenges an order entered by Judge Parker and, thus, the act is judicial. Plaintiff's claim is barred by 28 U.S.C. § 1915(e)(2)(B)(iii) because he "seeks monetary relief against a defendant who is immune from such relief."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because Plaintiff seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and that the order adopting this report and recommendation direct

the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**